**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan H. Grant, | ) |
|   Petitioner, | ) No. MC-06-0079-PHX-DGC |
| v. | ) **ORDER** |
| Internal Revenue Service, | ) |
|   Respondent. | ) |

Respondent has filed a Motion to Dismiss Petitioner's Motion to Quash Summons.[1] Dkt. #4. Petitioner was ordered to file a response on or before October 23, 2006. Dkt. #9. On October 18, 2006, Petitioner filed a motion to dismiss her motion to quash or in the alternative, a motion for extension of time to respond. Dkt. #10. On October 23, 2006, Petitioner filed her response and a motion to withdraw the October 18, 2006 motion. Dkt. ##11-12. For the reasons set forth below, the Court will grant Respondent's motion to dismiss and deny Petitioner's motion to quash.

**I.    Background.**

Susan H. Grant ("Petitioner") and Michael Levin ("Taxpayer") signed a prenuptial agreement on December 29, 1988. Dkt. #6 at 5. The couple married the following day. *Id.* The IRS currently is conducting an investigation to collect assessed liabilities against Taxpayer in the amount of $1,151,745 for tax years 1985, 1986 and 1988. *Id.* at 1. As part of the investigation, the IRS issued a third-party summons to JP Morgan Chase Bank at an address in Lexington, Kentucky. *Id.* at 2; *see*

---

[1] Petitioner filed motions to quash summons on June 29 and August 1, 2006. Dkt. ##1, 3. Respondent refers to the June 29 motion in its filings. *See* Dkt. ##6 at 2, 13 at 2. Petitioner refers to the August 1 motion in her response. *See* Dkt. #11 at 2. The Court will address the motions to quash as one.

Dkt. ##1, 3. The summons seeks information related to a loan on the current residence of Petitioner and Taxpayer. Dkt. #6 at 2. The IRS did not provide notice of the summons to Petitioner or Taxpayer. *Id.* Petitioner filed a motion to quash the summons and served the IRS, but failed to serve the United States Attorney or the Attorney General of the United States. Dkt. #6 at 6. Respondent filed a motion to dismiss the motion to quash on August 8, 2006. Dkt. #4.

**II. Discussion.**

Respondent moves to dismiss Petitioner's motion on several grounds. First, Respondent argues that the Court lacks subject matter jurisdiction because JP Morgan Chase Bank is located outside of Arizona. Dkt. #6 at 2. Second, Respondent argues that Petitioner does not have standing to challenge the summons. *Id.* at 3. Third, Respondent argues that service of process was insufficient. *Id.* at 6. Because the Court agrees that Petitioner lacks standing and failed to effect proper service, the motion to dismiss will be granted.[2]

**A. Standing.**

The IRS is authorized to issue summonses to third parties to testify and produce records for the purpose of collecting tax liabilities. 26 U.S.C. § 7602. The IRS is required to serve notice to

---

[2] On the question of subject matter jurisdiction, Petitioner contends that "an entity that has branch offices in Arizona must be considered to 'reside or be found' in Arizona" under the statute. Dkt. #11 Attach. #1 at 3. The law on this issue is not clear. *See Masat v. United States*, 745 F.2d 985, 988 (5th Cir. 1984) (declining to consider the branch office argument because it was raised for the first time on appeal, and finding no injustice because the records subpoenaed were located at an out-of-state corporate headquarters, not an in-state branch office); *Holland v. United States*, No. 05-CV-135-CVE-PJC, 2005 WL 2176111, at *3 (N.D. Okla. Aug. 8, 2005) (magistrate judge declines to take judicial notice of bank being "found" in the district because petitioner failed to come forward with evidence, even though petitioner's response stated branch offices were located in the district); *Scharringhausen v. United States*, No. 02-CV-2076H, 2003 WL 352764, at *2 (S.D. Cal. Jan. 15, 2003) (stating that the Court lacked subject matter jurisdiction because the summoned financial institution did not have an office in the state of California); *Oldham v. United States*, No. CIV-01-1225-ST, 2002 WL 1077311, at *3 (D. Or. May 6, 2002) (IRS conceded that two financial institutions maintained branch offices in Oregon and were subject to the court's jurisdiction, but other entities did not have branch offices in Oregon, and the records sought were located in other districts); *see also Oldham v. United States*, No. 01-1410HA, 2002 WL 850205, at *2 (D. Or. Mar. 21, 2002) ("The 'branch office' test is a practical solution to the hybrid jurisdictional question presented, as it maintains a distinction between 'reside' and 'found,' but requires a physical presence within the forum and is therefore consistent [with] the limited case law which requires something more than a Due Process analysis of minimum contacts."). Because the Court concludes that Petitioner lacks standing and failed to effect proper service, it need not resolve this issue. Moreover, the Court need not address Respondent's argument that Petitioner failed to state a claim under the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401 et seq.

individuals whose records are sought, unless a statutory exception applies. *Id.* § 7609(a), (c). Any individual entitled to notice of a summons under § 7609(a) can petition a court to quash the summons. *Id.* § 7609(b)(2). "[I]f a person is not entitled to notice under § 7609(a), he or she has no standing to initiate an action to quash the summons." *Ip v. United States*, 205 F.3d 1168, 1170 n.3 (9th Cir. 2000). Notice need not be given to the person whose records are sought if the assessed taxpayer has a recognizable legal interest in the records. *Cranford v. United States*, 359 F. Supp. 2d. 981, 987 (E.D. Cal. 2005) (citing *Ip*, 205 F.3d at 1776).

Respondent contends that it was not required to provide notice to Petitioner and, therefore, that Petitioner does not have standing to challenge the summons. Dkt. #6 at 4. Petitioner contends that she was entitled to notice and has standing because Taxpayer, by virtue of the couple's prenuptial agreement, does not have a legal interest in the records. Dkt. #11 Attach. #1 at 3.

The court in *Cranford* rejected a contention similar to Petitioner's. *See* 359 F. Supp. 2d. at 987. In *Cranford*, the IRS summonsed the records of a credit card issued to and used by the wife of a taxpayer. *Id.* at 983. The wife claimed that because the couple had a written prenuptial agreement providing that the couple's assets were separate property, the taxpayer had no legal interest in the records. *Id.* at 987. The court held that the wife was not entitled to notice because the taxpayer-husband had a legal interest in the credit card account. *Id.* at 987-88. The court based its decision on the fact that the wife was married to the taxpayer, which implied a legal interest by the taxpayer, the wife had authority to write checks for the husband's business, and some checks were used to pay for the credit card at issue. *Id.*

In this case, assessments were made against Taxpayer for the years 1985, 1986 and 1988. Dkt. #5 ¶ 3. The IRS Revenue Officer investigating Taxpayer applied an economic realities test to the couple's most recent joint income tax return and determined that the amount of reported income does not support the couple's current lifestyle. *Id.* ¶ 5. Petitioner admits that Taxpayer has paid her approximately $23,000 by assigning commissions earned by Taxpayer, which were deposited directly into Petitioner's checking account. *Id.*; Dkt. #10 at 2; Dkt. #11 Attach. #1 ¶ 15. These funds were used to make a principal payment on a 2005 home equity loan obtained by Petitioner, which was secured by the couple's joint residence. Dkt. #13 at 3; Dkt. #11 Attach. #1 ¶ 16. The home

equity loan proceeds are being used by Petitioner to pay the couple's living expenses. Dkt. #10 at 3. The summons was issued to gather loan records relating to this home equity loan. Dkt. #5 ¶ 5.

Taxpayer has a legal interest in the records at issue because Taxpayer is married to Petitioner, Taxpayer's earnings have been used to make payments on the home equity loan, the home equity loan is secured by the house in which Taxpayer resides, and the home equity loan proceeds are being used to support Taxpayer. Because Taxpayer has a legal interest in the loan records, Petitioner was not entitled to notice of the summons and has no standing to challenge it.

**B.     Service.**

Rule 4(i) requires a party seeking to serve the United States to serve a copy of the summons and complaint on the United States Attorney for the district in which the action is brought and on the Attorney General of the United States. Fed. R. Civ. P. 4(i). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly . . . ." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). "[W]ithout substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Direct Mail*, 840 F.2d at 688 (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). "In the Ninth Circuit, dismissals due to technical noncompliance with Rule 4(i) may be excused if (1) the party to be served personally received notice, (2) the defendant would suffer no prejudice from the service defect, (3) there is justifiable excuse or good cause for the failure to serve properly, and (4) the plaintiff would be severely prejudiced if his complaint was dismissed." *Cranford*, 359 F. Supp. 2d at 985 (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984)). "If good cause is not shown, dismissal is required." *Cranford*, 359 F. Supp. 2d at 985 (citing *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985)). Good cause generally cannot be based on "failure to receive a waiver of formal service, ignorance of the rule, the absence of prejudice to the defendant, office moves or personal problems, the belief that the time requirement was only technical, the filing of an amended complaint, inadvertence of counsel, or the expenditure of efforts that fall short of real diligence by the serving party." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002).

Petitioner admits that she failed to serve the United States Attorney and Attorney General. Dkt. #11 at 6. Petitioner provides no excuse for her failure to comply with Rule 4(i). She claims only that these parties have constructive and actual notice. *Id.* Petitioner has failed to show good cause for her lack of service. The Court will grant Respondent's motion to dismiss.

**IT IS ORDERED:**

1. Respondent's Motion to Dismiss (Dkt. #4) is **granted**.

2. Petitioner's Motion to Quash Summons (Dkt. ##1, 3) is **dismissed**.

3. Petitioner's Motion to Withdraw Motion to Dismiss (Dkt. #12) is **granted** and Petitioner's Motion to Dismiss (Dkt. #10) is **denied as moot**.

4. The Clerk of the Court shall **terminate** this action.

DATED this 28th day of November, 2006.

_____
David G. Campbell
United States District Judge