**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Susan H. Grant,           )<br>                                  )<br>          Petitioner,       )<br>                                  )<br>     v.                          )<br>                                  )<br>Internal Revenue Service, )<br>                                  )<br>          Respondent.     )<br>_____) | No. MC06-0079-PHX-DGC<br><br>ORDER |

On November 28, 2006, the Court entered an order granting Respondent's motion to dismiss and terminating this action. Dkt. #14.  Petitioner has now filed a Motion to Limit Documents to be Produced by J.P. Morgan Chase to 2005 Home Equity Loan Application. Dkt. #15.  The motion argues that the Court's previous order applied only to a portion of the documents at issue and that the Court therefore should enter an order prohibiting Respondent from obtaining additional documents by subpoena. *Id*.

Because this action has been terminated and the Petitioner's motion argues in effect that the Court's dismissal of this action was error, the Court will consider the motion to be a motion for reconsideration.  Motions for reconsideration are disfavored and are not the place for parties to make new arguments or to ask the Court to rethink its analysis. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).  Courts in this District have identified four circumstances where a motion for reconsideration will be granted: (1) where the moving party has discovered material

differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) where material factual events have occurred since the Court's initial decision; (3) where there has been a material change in the law since the Court's initial decision; or (4) where the movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Petitioner does not satisfy these standards. She has not discovered new facts that were unavailable at the time of the previous order, she does not claim that material factual events have occurred since the prior order, she does not argue that there has been a material change in the law, and she has not made a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of the prior decision. As a result, Petitioner's motion will be denied.

**IT IS ORDERED** that Petitioner's Motion to Limit Documents to be Produced by J.P. Morgan Chase to 2005 Home Equity Loan Application (Dkt. #15) is **denied**

DATED this 16th day of January, 2007.

_____
David G. Campbell
United States District Judge